UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIAMONDHEAD BEACH
RESORT, LLC,

    Plaintiff,

v.                                       Case No.:  2:22-cv-560-SPC-NPM

SAFETY SPECIALTY
INSURANCE COMPANY,
ROCKHILL INSURANCE
COMPANY and CERTAIN
UNDERWRITERS AT LLOYD'S
LONDON,

    Defendants.
_____/

### **ORDER**[1]

Before the Court is Plaintiff Diamondhead Beach Resort, LLC's Complaint (Doc. 1). Plaintiffs bringing diversity actions bear the burden on jurisdiction. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000). Proceeding in federal court, Diamondhead must show the parties are completely diverse with an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). And district courts are "obligated to inquire into subject matter

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Diamondhead did not satisfy the requirements for diversity jurisdiction. Specifically, it failed to properly plead its citizenship. An LLC (like Diamondhead) is a citizen of every state in which one of its members is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). So each LLC member must be diverse from the opposing party. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381-82 (2016).

Since an LLC is a citizen of every member's state, the Complaint must identify each of the members and their citizenship. *Rolling Greens*, 374 F.3d at 1022 (A "party must list the citizenships of all the members of the" LLC.). In other words, a party with the burden on jurisdiction must trace down the citizenship of all members. *E.g.*, *CityPlace Retail, LLC v. Wells Fargo Bank N.A.*, No. 20-11748, 2021 WL 3486168, at *3 (11th Cir. July 15, 2021) ("The district court must do the same kind of tracing in this case, through however many layers of members or partners there may be, to determine the identity and citizenship of [LLC's] members."); *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

While Diamondhead says the parties are diverse, it identifies neither its members nor their domiciles. Instead, the Complaint merely states

Diamondhead is a Florida LLC with its principal place of business here. Without identifying the members and their domiciles, the Court cannot conclude diversity exists. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (explaining difference between residence and citizenship (i.e., domicile)). So the Court dismisses without prejudice. Plaintiffs can amend to adequately plead subject-matter jurisdiction. *See* 28 U.S.C § 1653.

While that's an easy fix, it is not the only one Diamondhead must make when amending. Diamondhead sues those Lloyd's Underwriters—a notoriously tricky organization for citizenship purposes. As pled, Diamondhead says Lloyd's is a British corporation without identifying any specific underwriter subscribing to the relevant policy. But Lloyd's is not a corporation, and—as above—the citizenship of its subscribers is determinative. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1088 (11th Cir. 2010) ("Lloyd's syndicates . . . fall squarely within the class of unincorporated associations for which the pleading of every member's citizenship is essential to establishing diversity jurisdiction."). Before amending, Diamondhead should carefully review *Osting-Schwinn* and any other applicable cases to ensure it properly alleges Lloyd's citizenship.

For those reasons, the Court dismisses for lack of subject-matter jurisdiction.

Accordingly, it is now

3

**ORDERED:**

1. Plaintiffs Complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

2. Plaintiffs may **FILE** an amended complaint **on or before September 22, 2022**. **If Plaintiff fails to file amended complaint, the Court will close this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on September 8, 2022.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record