UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIAMONDHEAD BEACH
RESORT, LLC,

    Plaintiff,

v.                                Case No.: 2:22-cv-560-SPC-NPM

SAFETY SPECIALTY
INSURANCE COMPANY,
ROCKHILL INSURANCE
COMPANY, and CERTAIN
UNDERWRITERS AT LLOYD'S
LONDON,

    Defendants.
_____/

### **ORDER**[1]

Before the Court is Plaintiff's Amended Complaint (Doc. 4). After Plaintiff filed its initial pleading, the Court dismissed without prejudice for lack of subject-matter jurisdiction. (Doc. 3). Specifically, Plaintiff did not show complete diversity because it made deficient allegations on its citizenship along with one Defendant's (Certain Underwriters at Lloyd's London). In dismissing, the Court explained how Plaintiff could fix the jurisdictional defects. Most obvious, Plaintiff—an LLC—needed to identify its members and their

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

citizenship. (Doc. 3 at 2 ("Since an LLC is a citizen of every member's state, the Complaint must identify each of the members and their citizenship.")).

Despite this, Plaintiff filed the Amended Complaint—which still fails to show complete diversity. Again, Plaintiff made no effort to demonstrate its own citizenship. It calls itself "a Florida limited liability company with its principal place of business in Lee County, Florida," without identifying any members. (Doc. 4 at 1). As the Court already said, "A 'party must list the citizenships of all the members of the' LLC." (Doc. 3 at 2) (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)). This is unexceptional, black-letter law.

What's more, Plaintiff made no effort to correct the defects and properly identify Lloyd's domicile. The Court told Plaintiff Lloyd's isn't a corporation and pointed to binding precedent saying so. (Doc. 3 at 3) (quoting *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1088 (11th Cir. 2010)). Nevertheless, the Complaint alleges Lloyd's is "a corporation with its principal place of business in the United Kingdom." (Doc. 4 at 2). Perhaps the Court could forgive the statement if Plaintiff specified the relevant Lloyd's subscribers (as directed). But like above, Plaintiff did not try to identify the subscribers.

Because Plaintiff again failed to plead complete diversity, the Court must dismiss. The Court, however, will not afford another opportunity to

amend.  Plaintiff—who is represented by counsel—had a two-week chance to identify the parties' citizenship.  Instead of taking that opportunity, Plaintiff refiled the deficient allegations a day after the Court's Order.  So the Court will enter judgment and close the case.

Accordingly, it is now

**ORDERED:**

1. This action is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 26, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3