UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIAMONDHEAD BEACH RESORT, LLC,

    Plaintiff,

v.                                          Case No.:   2:22-cv-560-SPC-NPM

SAFETY SPECIALTY INSURANCE COMPANY, ROCKHILL INSURANCE COMPANY and CERTAIN UNDERWRITERS AT LLOYD'S LONDON,

    Defendants.
_____/

# ORDER[1]

Before the Court is Plaintiff's Motion to Vacate Judgment and Reinstate Case (Doc. 16). There is no need to await a potential response by Defendants. When Plaintiff's initial pleading had deficient jurisdictional allegations, the Court dismissed. Then, Plaintiff filed an amended complaint, which failed to fix the problems. So the Court again dismissed without prejudice and closed the case. Now, Plaintiff asks the Court to vacate its judgment and reopen. The Court grants the Motion.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

Since Plaintiff filed the Motion within twenty-eight days of the judgment, Rule 59(e) governs. *Banister v. Davis*, 140 S. Ct. 1698, 1710 n.9 (2020) ("A post-judgment motion made within 28 days of the entry of judgment that questions the correctness of a judgment, however denominated, is properly construed as a motion to alter or amend judgment under Rule 59(e)." (cleaned up)).

Reconsideration under Rule 59(e) may be proper to correct "manifest errors of law or fact." *Jenkins v. Anton*, 922 F.3d 1257, 1263 (11th Cir. 2019). It may also be appropriate to account for intervening changes in law and newly discovered (or previously unavailable) evidence. *Banister*, 140 S. Ct. at 1703 n.2. And a 59(e) motion might fit "if there is a need to correct a manifest injustice." *E.g.*, *LLC SPC Stileks v. Rep. of Mold.*, 985 F.3d 871, 882 (D.C. Cir. 2021). Ultimately, the decision to reconsider "is committed to the sound discretion of the district judge." *United States v. Jim*, 891 F.3d 1242, 1252 (11th Cir. 2018) (citation omitted).

Motions for reconsideration are granted sparingly, and they are not chances to "relitigate old matters." *See Grange Mut. Cas. Co. v. Slaughter*, 958 F.3d 1050, 1059-60 (11th Cir. 2020) (citation omitted). Nor will courts "address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 140 S. Ct. at 1703. "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration."

*U.S. ex rel. Matej v. Health Mgmt. Assocs.*, 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012) (citation omitted).

Plaintiff points out the Court's dismissal operates as a with-prejudice dismissal given the statute of limitations. Part of the delay in filing the case, says Plaintiff, was its cooperation with Defendants and compliance with post-loss conditions (including appraisal of the loss amount). So it argues the interests of justice and balance of factors warrant reopening the case. What's more, Plaintiff contends not much happened in this case—so no other party would suffer prejudice (or even inconvenience) from vacating the judgment.

While a close call, the Court agrees. Considering the effect of the dismissal and balance of factors, the Court finds manifest injustice would result from denying the Motion. *See Leidos, Inc. v. Hellenic Rep.*, 881 F.3d 213, 217 (D.C. Cir. 2018) ("Manifest injustice requires at least (1) a clear and certain prejudice to the moving party that (2) is fundamentally unfair in light of governing law." (cleaned up)). Plaintiff may fix the defects and proceed as it was before the Court undertook its mandatory jurisdictional review.

That said, Plaintiff should not expect any further leniency on this issue. Federal courts have limited subject-matter jurisdiction. *E.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). So the party bearing the jurisdictional burden must carry it or face dismissal. Results are sometimes harsh. But this Court has no power to expand its jurisdiction.

3

Regardless of the statute of limitations, Plaintiff has one last chance. It must make the requisite jurisdictional showing when amending or the Court will dismiss again. Acknowledging the recent disaster caused by Hurricane Ian, the Court allows Plaintiff (whose lawyers are in Southwest Florida) one month to file that pleading.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Vacate Judgment and Reinstate Case (Doc. 16) is **GRANTED**.

2. The Court's Judgment (Doc. 15) is **VACATED** in its entirety.

3. Plaintiff's must file a Second Amended Complaint properly alleging subject-matter jurisdiction **on or before November 11, 2022**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 12, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record